JOHN J. KELLEY, AND ANOTHER, RESPONDENTS, *v.* ANDREW J. KERSHAW AND WIFE, APPELLANTS.

FORECLOSURE—CROSS-COMPLAINT.—In an action to foreclose, where a cross-complaint alleges that a deed to certain land for the purchase money of which the mortgage sought to be foreclosed is given, professed to convey certain lands, but nowhere alleges that the deed did not convey what it professed to convey, or that the land lost was part of the land conveyed by the deed, and there is no allegation of mistake in the deed, or of any eviction or of breach of warranty; *held*, that relief could not be granted on the warranty: See *Kelley* v. *Kershaw*, ante p. 295.

APPEAL from a judgment of the district court of the first district.    The opinion states the facts.

*Messrs. Williams & White*, for appellants.

*Messrs. Dickson & Varian*, for respondents.

BOREMAN, J.:

This case was before us at our last June term, on an appeal from an order overruling the motion for a new trial, and again it was before us on a motion to dismiss this appeal from the judgment.    The present appeal being from the judgment, brings up some of the questions which we considered on the appeal from the order overruling the

motion for a new trial, and hence is very much in the nature of a petition for a rehearing. As we fully examined and weighed such questions on the former appeal, and no special reasons being offered for a reconsideration of them in this opinion, we shall omit any review of them herein, and treat them as settled by the former decision, premising that nothing in the argument or in the authorities presented at the present hearing has caused any change in our views as expressed in the opinion filed on the former hearing.

Counsel for appellants have discussed, both on the present and former appeals, as the vital point in the case, that defendant, A. J. Kershaw, had lost three and one-half feet of the land he bought from plaintiff, Kelly; but a careful examination of the cross-complaint will show that no such question is raised by it. The cross-complaint alleges that Kelly's deed professed to convey the lands sold to Kershaw, but it nowhere alleges that the deed did not convey what it professed to convey. There is no allegation that the three and a half feet claimed to have been lost were any part of the lands conveyed by the Kelly deed. Relief is asked upon the warranty in that deed; but there is no allegation of any eviction, or of any breach of the warranty. If there was a mistake in the description, or anything to show that the land conveyed to Kershaw was not the land bought by him, the cross-complaint has omitted to allege it. There is no doubt of a party's right to relief when the lands conveyed to him are not the lands which he bought, or if the lands conveyed are those bought, but a part has been lost by some paramount title, and by the fault of the grantor, the grantee being innocent; yet, to authorize the court to grant such relief, the pleadings must show a proper case therefor. The subject of amending the cross-complaint was fully considered in the opinion on the appeal from the order overruling the motion for a new trial. As we find no error in the record to warrant a reversal, the judgment of the lower court is affirmed.

ZANE, C. J., and HENDERSON, J., concurred.